**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| HARD DRIVE PRODUCTIONS, INC. | CASE NO.: 1:10-cv-05606 |
| Plaintiff, | Judge: Hon. James B. Zagel |
| v. | |
| DOES 1 – 100 | **PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO BRUMBELOW'S MOTION TO DISMISS** |
| Defendants. | |

Michael Brumbelow moved this Court to dismiss Plaintiff's complaint for lack of personal jurisdiction or, in the alternative, to be severed from the case on the grounds of impermissive joinder. Plaintiff Hard Drive Productions, Inc. ("HDP") opposes Brumbelow's motion. The Court should deny Brumbelow's motion because Brumbelow is not a party to this case and thus lacks standing. In addition, it is premature for the Court to address issues of personal jurisdiction and impermissive joinder at this stage of the proceedings.

## Introduction

HDP brought this copyright infringement suit against one hundred anonymous Defendants who illegally reproduced and distributed HDP's copyrighted works over the Internet. Defendants' actual names are unknown to HDP. Instead, each Defendant is known to HDP only by an Internet Protocol ("IP") address, which is a number that is assigned to devices, such as computers, that are connected to the Internet. HDP also requested, and was granted, the Court's permission to take limited discovery to ascertain the identities of the anonymous Defendants. Pursuant to the Court's order, HDP issued subpoenas to Internet Service Providers ("ISPs") to identify parties associated with the IP addresses.

1

Michael Brumbelow moved the Court for an order dismissing this case against him for lack of personal jurisdiction and, in the alternative, to be severed from the case on grounds of misjoinder. Brumbelow is a not a party to this case. Brumbelow has not been named as a Defendant. Nor has he been impleaded or otherwise joined. HDP was first made aware of Brumbelow's motion when it was posted on PACER by the Court. Brumbelow failed to serve the motion on HDP, violating Fed. R. Civ. P. 5(a)(1)(D); failed to include a certificate of service when filing the motion, violating Fed. R. Civ. P. 5(d)(1) and L.R. 5.5(b); failed to receive Court's approval to file a motion as a non-party, violating L.R. 5.6; and failed to include notice of presentment, violating L.R. 5.3. Brumbelow does not explain his connection to this case in the motion. HDP can only speculate that Brumbelow received a notice of subpoena from his ISP and decided to raise various procedural defenses in anticipation of being named as a defendant.

The Court should strike Brumbelow's motion for violating Federal and Local Rules or, in the alternative, dismiss it for lack of standing. Brumbelow's other arguments are improper because they are prematurely raised. Brumbelow also petitioned the Court for a protective order to conceal his identity from HDP. This motion is moot because Brumbelow revealed his identity to HDP in his motion papers.

## I.    THE COURT SHOULD STRIKE BRUMBELOW'S MOTION OR DISMISS IT FOR LACK OF STANDING BECAUSE BRUMBELOW IS A NOT A PARTY TO THIS CASE.

Brumbelow failed to comply with multiple Rules of Civil Procedure and Local Rules requiring him to serve a written motion, to file a certificate of service, to include notice of presentment, and most importantly, to obtain Court's permission to file a motion as a non-party. Fed. R. Civ. P. 5(a)(1)(D); 5(d)(1); L.R. 5.3; 5.5(b); 5.6. Brumbelow has not been named as a defendant in this case and has not alleged any connection to the case whatsoever in his motion.

Absent an order from the Court, no motion may be accepted from a non-party.  L.R. 5.6.  And if

it is accepted inadvertently or by mistake, it may be stricken by the court sua ponte, *id.*, which is

exactly what the Court should do here.

Since Brumbelow is not a party to this case, he also lacks standing to invoke the power of

this Court to decide on his motion.  Standing is "an essential and unchanging part of the case-or-

controversy requirement of Article III."  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560

(1992); *see also* U.S. Const. art III.  The Supreme Court explained that the requirement for cases

and controversies "limit[s] the business of federal courts to questions presented in an adversary

context."  *Flast v. Cohen*, 392 U.S. 83, 95 (1968).  Our judicial system is premised upon belief

that adverse parties, with a stake in the outcome of the litigation, are best suited to fully litigate

and present all relevant information to the courts.  *See, e.g.*, *Baker v. Carr*, 369 U.S. 186, 204

(1962) (standing ensures "concrete adverseness").  It is the "burden of the party who seeks the

exercise of jurisdiction in his favor clearly to allege facts demonstrating that he is a proper party

to invoke judicial resolution of the dispute."  *Spencer v. Kemna*, 523 U.S. 1, 11 (1998) (internal

quotation marks omitted).  In addition to constitutional limitations on federal court jurisdiction,

the prudential standing doctrine embraces several judicially self-imposed limits on its exercise,

such as the general prohibition on a litigant's raising another person's legal rights.  *Allen v.

Wright*, 468 U.S. 737, 751 (1984); *Wrath*, 422 U.S. at 498; *Winkler v. Gates*, 481 F.3d 977, 979

(7th Cir. 2007).

Brumbelow has not met his burden to establish he is a part of this case or controversy.

Brumbelow asks this court to exercise jurisdiction by deciding on his motion, yet he failed to

allege any connection to this case.  The Constitution of the United States demands that

Brumbelow be an adversary, and yet Brumbelow has not even admitted to be in any way

3

associated with any IP address referenced in the HDP's complaint. The closest Brumbelow

comes to being an adversary is the factually unfounded concern that he *may* be added as a party

once the identities of Doe defendants are established. (Brumbelow's Motion to Dismiss, Oct. 28,

2010, ¶ 4). This vague uneasiness and speculation about what HDP may do and who may be

named as a party fall far short of the high constitutional bar for concrete adverseness. And the

prudential limitations on the exercise of federal court jurisdiction should also prohibit

Brumbelow from asserting the rights of unnamed defendants. The Court should either strike or

deny Brumbelow's motion because Brumbelow not only failed to comply with pleading and

service requirements required by the Rules, he also lacks standing to bring it.

## II.     THE COURT SHOULD DENY BRUMBELOW'S MOTION BECAUSE FULL CONSIDERATION OF PERSONAL JURISDICTION IS PREMATURE

Even if the Court declines to strike Brumbelow's motion or finds that he has standing to

bring it, the Court should still deny the motion because Brumbelow's personal jurisdiction

argument is premature at this stage of the proceedings. Brumbelow's arguments regarding

personal jurisdiction fail for three reasons. First, Brumbelow has not yet been named as a

defendant, and therefore cannot yet raise a defense. Second, the factual record at this stage is so

extraordinary sparse that this issue is simply not ripe for judicial review. Third, delaying review

of personal jurisdiction until a later point in the proceedings, when Defendants have been

identified and named, and limited jurisdictional discovery has been conducted, would not

unfairly prejudice defendants.

### A.     Brumbelow is Not a Named Defendant and Thus, Cannot Raise a Defense

Brumbelow cites no legal authority and describes no legal basis for dismissing an action

against a non-party. Nor does Brumbelow discuss how such a dismissal would comport with the

basic structure of the Federal Rules of Civil Procedure, which are premised on the filing of a

4

complaint and the service of summons and complaint on a *named* defendant. Ultimately, Brumbelow provides no authority applicable to this stage of this case—when HDP is seeking limited discovery to ascertain the identities of anonymous Defendants.

The plain language of the Federal Rules of Civil Procedure contemplates that a defendant can only respond to a complaint when the defendant has been named as a party and after a summons has been issued and served on the defendant, unless such service is waived. For example, Rule 4 states that a summons must "*name* the court and the parties" and "be directed to the defendant." Fed. R. Civ. P. 4(a)(1)(A) and (B) (emphasis added). The summons advises the defendant of the obligation to "appear and defend" and states the time the defendant has for so doing, whether after being served with the summons or waiving service. *Id.* 4(a)(1)(D). Thus, the timeframe in which a defendant may "appear and defend" does not start until, at the earliest, a summons specifically names the defendant and is directed to that defendant.[1] Provisions of the Rules governing responsive pleadings or non-responsive motions take effect only then, and no sooner.

These provisions for responsive pleadings are set forth in Rule 12: "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading *if one is required*." Fed. R. Civ. P. 12(b) (emphasis added). The Rule goes on to discuss non-responsive motions: "But a party may assert the following defenses by motion: . . . (2) lack of personal jurisdiction . . . . A motion asserting any of these defenses must be made before pleading *if a responsive pleading is allowed*. . . . If a pleading sets out a claim for relief that does not require a

---

[1] Though the Federal Rules of Civil Procedure do not explicitly define "party," the plain language of multiple provisions suggests that a person is only a party to a case when that person is identified and specified by name in the case. For example, Fed. R. Civ. P. 17 states that an "action must be prosecuted in the name of the real party in interest," and Fed. R. Civ. P. 5 contemplates service of papers on "every party" wherein the general provisions for service contemplate that the party's identity must be known. *See* Fed. R. Civ. P. 5(b)(2).

responsive pleading, an opposing party may assert at trial any defense to that claim." *Id.* (emphasis added).

The language of Rule 12 contemplates that a motion to dismiss for lack of personal jurisdiction is only appropriate if a responsive pleading is required or allowed. A responsive pleading is not yet required of Brumbelow because his deadline to appear and defend has not even started. Brumbelow is not yet a named party to the case, and no summons has been issued with his name or directed at him.

This point is so obvious, it is virtually never litigated—HDP's counsel was not able to find legal authority on point. The only case known to counsel where a court allowed unnamed and unserved defendant to voluntarily appear is readily distinguished. In *Zwebner v. John Does Anonymous Foundation, Inc.,* No. CV-00-1322-HU, 2001 WL 210173 (D. Or. Feb. 28, 2001), the plaintiff alleged a specific alias name for the anonymous defendant, InternetZorro, and described his personal conduct. *Id.* at *3. In his answer, the anonymous defendant admitted using the alias and committing the acts alleged in the complaint. *Id.* Thus, it was established that the person who filed the answer was definitively the anonymous defendant. The court emphasized the importance of this element when it discussed and explicitly distinguished a companion case involving the same defendant under the same alias, where InternetZorro did not appear and answer that he indeed was InternetZorro. *Id.* at *3 n.2. There, the court declined to hear Zorro's motion to dismiss for personal jurisdiction because he was not a party to the case.

Likewise, Brumbelow is not a party to this case and HDP has not identified Brumbelow by any alias in the complaint or described instances of personal conduct that would somehow distinguish Brumbelow from other Doe defendants. And Brumbelow himself has not admitted to engaging in the activities alleged by HDP, or even admitted owning one the IP addresses

6

associated with the infringing activity. Rather, Brumbelow generally asserts the exact opposite—that he did not engage in any infringing activity.

A classic example of a court refusing to entertain a motion to dismiss based on lack of personal jurisdiction on the grounds of being premature is *Webster Industries v. Northwood Doors*, 234 F. Supp. 2d 981 (N.D. Iowa 2002). There, a *named* defendant attempted to make a "special appearance" to content to service of process and jurisdiction based on an attempted service and a letter from plaintiff entitled "Notice of Intent to File Written Application for Default." *Id.* at 987–88. The court noted that plaintiffs have not taken any actions invoking court's personal jurisdiction over the defendant, such as seeking a default judgment. *Id.* at 988. Consequently, the court refused to entertain the merits of the defendant's motion to dismiss for lack of personal jurisdiction. *Id.*

Similarly here, HDP has not attempted to invoke the Court's personal jurisdiction over any particular Doe Defendant. HDP has not named any Defendant or sought any action by the Court over any particular Doe Defendant. Rather, HDP has only requested limited discovery from third party ISPs.

Cases cited by Brumbelow in support of his argument are inapplicable because each deals with a named defendant. And in one cited case, far from dismissing based on lack of personal jurisdiction, the appellate court remanded the case back to the district court for further jurisdictional discovery. *GTE New Media Services Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1351–52 (D.C. Cir. 2000). Other courts have not hesitated to deny motions even from named defendants as premature. *See, e.g.*, *Fasti USA v. Fasti Farrag & Stipsits GmbH*, No.02-C-8191, 2002 WL 31664494, at *2 (N.D. Ill. Nov. 26, 2002) (denying as "premature" defendant's "motion to dismiss for lack of personal jurisdiction, which is premised on proper service" where

the plaintiff has not yet even attempted to serve the defendants); *Global Relief v. New York Times Co.*, No.01-C-8821, 2002 WL 31045394, at *7 (N.D. Ill. Sept. 11, 2002) (denying defendants' motion to dismiss for lack of personal jurisdiction as "premature" at that point in litigation, even after the defendants have been named and served).

The Court should deny Brumbelow's motion until he has been made a party to this lawsuit, if and when that time comes, and allow time for HDP to develop factual record in support of personal jurisdiction.

**B.     The Factual Record is Insufficient to Justify Dismissing the Complaint Based on Personal Jurisdiction at This Time.**

At this point in the litigation, the Court lacks a sufficient factual record to consider the issue of personal jurisdiction.  The Supreme Court articulated the need for a concrete factual situation to facilitate judicial review.  *See California Bankers Association v. Schultz*, 416 U.S. 21, 56 (1974); *Socialist Labor Party v. Gilligan*, 406 U.S. 583, 587 (1972) ("[T]he record . . . now before this Court, is extraordinarily skimpy in the sort of proved or admitted facts that would enable us to adjudicate this claim.").  To develop factual records, courts allow parties to conduct jurisdictional discovery before dismissing for lack of personal jurisdiction, as in the case cited by Brumbelow himself.  *GTE New Media Services Inc.*, 199 F.3d at 1351–52.  Far from propounding defendants for a year with jurisdictional discovery requests, as plaintiffs did in *Rokeby-Johnson v. Derek Bryant Ins. Brokers, Ltd.*, 594 N.E.2d 1190, 1193 (Ill. App. Ct. 1992), HDP merely seeks limited information from third party ISPs.

Brumbelow argues that HDP already knows, or is able to determine, each Doe Defendant's geographic location without receiving the identifying information from the ISPs. (Brumbelow's Motion to Dismiss, Oct. 28, 2010, ¶ 3).  This assertion is inaccurate at best.  First, the article cited by Brumbelow does not "discuss" IP geolocation technologies; it simply

8

mentions them and cites another article for the proposition that methods of pinpointing the geographical location of a user based on IP address "are becoming increasingly accurate ." Dan Jerker B. Svantesson, *Borders On, Or Border Around—The Future of the Internet*, 16 Alb. L. J. Sci. & Tech. 343, 356 (2006) (citing Dan Jerker B. Svantesson, *Geo-Location Technologies and Other Means of Placing Borders on the 'Borderless' Internet*, 23 J. Marshall J. Computer & Info. L 101, 101 (Fall 2004)). There is an insurmountable gap between the assertion that technologies are "becoming increasingly accurate" and that they already are. In fact, the other article discusses at length the shortcomings of even the most sophisticated geolocation technologies, including varying accuracy and false positives and negatives. Svantesson, *Geo-Location Technologies*, at 110–118.

At least one federal court has concluded geolocation techniques alone are insufficient for the purpose of "assess[ing] properly the existence of personal jurisdiction over the Doe defendants." *Sony Music Entm't v. Does 1-40*, 326 F. Supp. 2d 556, 567 (S.D.N.Y. 2004). The plaintiffs argued that geolocation techniques "fall 'far short' of 100 percent accuracy and are 'often extremely inaccurate.'" *Id.* at 567. The court agreed, noting that even if "[a]ssuming personal jurisdiction were proper to consider at this juncture, the [geolocation] techniques . . . , at best, suggest the mere 'likelihood' that a number of defendants are located outside of New York. This, however, does not resolve whether personal jurisdiction would be proper." *Id.* at 567–68. The court declined to rule on personal jurisdiction at that time.

Although Brumbelow's filing lists an address located outside of this jurisdiction, this does not conclusively establish that the Court lacks personal jurisdiction over him, even if this address is Brumbelow's residence.[2] For example, the Court could have jurisdiction over

---

[2] To avoid dismissal for lack of personal jurisdiction under Rule 12(b)(2), where, as here, the issue is raised before discovery by a motion to dismiss and decided on the basis of written materials rather than an

Brumbelow because he specifically directed his alleged infringing activities to the Northern District of Illinois by downloading or uploading HDP's copyrighted work with another Doe Defendant based in this district or because he committed the infringing activities while visiting this jurisdiction. And vice versa, Brumbelow may have downloaded or uploaded HDP's copyrighted work from a non-moving, still unidentified Doe Defendant who is subject to the Court's jurisdiction. Because HDP has not yet received all of the identifying information on all of the Doe Defendants, it is premature to dismiss Brumbelow at this time.

The Court should deny Brumbelow's motion until factual record in this case is better developed after information from ISPs is received, especially since denying the motion would not unfairly prejudice Brumbelow.

## C. Dismissing Brumbelow's Motion Would Not Unfairly Prejudice Brumbelow

No reason exists why this motion cannot be considered at a later, more appropriate time, after the defendants have been named and served and factual record has been developed. Brumbelow would not be unfairly prejudiced by the delay. Since Brumbelow is not even party to this case, any hardship caused by the delay in judicial review is speculative and uncertain at best. In fact, Brumbelow's entire motion is based on mere speculation about future HDP's actions.

Brumbelow asserts that when HDP obtains identifying information from the ISPs, then "the case will immediately be amended, and the undersigned will be added as a party to the case." (Brumbelow's Motion to Dismiss, Oct. 28, 2010, ¶4). However, Brumbelow cites no authority that would restrict HDP's discretion to name or not name him as a defendant upon

---

evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdiction. *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010). In deciding these motions, the court will take as true all well-pleaded facts alleged in the complaint and resolve any factual disputes in the affidavits in favor of the plaintiff. *Id.*

completing the ISP discovery process or even dismiss the entire suit, as is plaintiff's prerogative. It is fully within HDP's discretion to contact Brumbelow if he indeed turns out to be one of the Doe Defendants to discuss a settlement before naming him as a party. If Brumbelow chooses to litigate rather than settle, HDP, Brumbelow, and the Court can determine at a later point whether it is proper to continue in this jurisdiction, or whether transfer to another forum is in order. HDP may also choose to avoid any apparent jurisdictional issue by simply refiling the suit against Brumbelow in his applicable jurisdiction. As such, if this case proceeds in any significant way, it will almost certainly proceed in a jurisdiction acceptable to Brumbelow.

As discussed in this section, the Court should deny Brumbelow's motion to dismiss for lack of personal jurisdiction as premature because Brumbelow is not a party to this case, only meager factual record has been developed thus far, and later consideration of this motion would not unfairly prejudice Brumbelow. In addition, Brumbelow's argument that he should be severed from the case also fails.

## III. THE COURT SHOULD DENY BRUMBELOW'S MOTION BECAUSE HDP HAS APPROPRIATELY JOINED THE DOE DEFENDANTS AT THIS STAGE OF THE CASE.

### A. Applicable Legal Standard

The Federal Rules of Civil Procedure provide for the permissive joinder of parties. "Rules 20 and 21 are intended to promote trial convenience, to expedite the determination of litigation, and *to avoid the multiplicity of suits*." *Stanley Works v. Haeger Potteries, Inc.*, 35 F.R.D. 551, 554 (N.D. Ill. 1964) (emphasis added). These rules should be construed liberally, as "[j]oinder of claims, parties and remedies is strongly encouraged." *United Mine Workers v. Gibbs*, 383 U.S. 715, 724, 86 S.Ct. 1130, 1138 (1966).

### B. HDP's right to relief arises out of the same transaction, occurrence, or series of transactions or occurrences.

The nature of infringement alleged by HDP against the Doe Defendants involved the same series of transactions and occurrences. Each Doe Defendant is alleged to have participated in a swarm with other Doe Defendants to download and upload HDP's copyrighted works. Even though all of the Doe Defendants may not have participated on the same day and time, all of the events involving all of the Doe Defendants were logically related to the sharing of the seed file.

Digital piracy via the BitTorrent file sharing protocol, which is the protocol that the Doe Defendants are alleged to have used for their illegal downloading/uploading activities, is importantly different than copyright infringement via other so-called "peer-to-peer" systems. In those cases, the doe defendants utilized such platforms as Napster, Grokster, Kazaa and Limewire. Using those platforms, the infringer essentially copied a work from one user. In other words, each act of infringement involved a specific one-on-one connection between two users for that specific file.

In contrast, and as described in HDP's complaint, the BitTorrent file transfer protocol involves an ongoing and continuous series of connections among a number of individuals. HDP's alleged facts tend to show that each Doe Defendant acted in concert in an ongoing effort infringe HDP's work. All Doe Defendants acted together in the various swarms to illegally download, upload and make HDP's work available for others to infringe.

In *Stanley Works v. Haeger Potteries, Inc.*, 35 F.R.D. 551 (N.D. Ill. 1964), the court found that the allegations made against the prospective defendants arose out of the same factual situation and stated that "[i]t would seem that where the party to be added allegedly made possible that infringement, induced it and contributed thereto, judicial economy would require that party's presence in the original infringement suit, as well." Id. at 554. Here, while all Doe Defendants acted in concert and contributed to distributing HDP's copyrighted work, each Doe

12

Defendant's own acts of downloading and/or distributing HDP's work also constitutes an infringement of HDP's exclusive rights of reproduction and distribution under the Copyright Act of 1976. *See generally* 17 U.S.C. § 106.

In *DIRECTV, Inc. v. Barrett*, 220 F.R.D. 630 (D. Kan. 2004), the court held that the satellite broadcaster's action against alleged owners of pirate access devices arose out of the same "transaction" for purpose of the joinder rule. There the broadcaster alleged that each defendant purchased one or more devices, identical or nearly identical, designed to illegally intercept satellite signals. *Id.* at 632. Similarly, in this case, HDP alleges that all Doe Defendants utilized an identical or nearly identical file sharing protocol to illegally infringe HDP's copyrighted work, thus satisfying the same transaction or series of transactions requirement of Rule 20(a).

**C.    A question of law or fact common to all Doe Defendants will arise in the action.**

HDP has alleged identical claims against all the Doe Defendants for each and every Doe Defendant's alleged use of an online media distribution system to distribute HDP's work. HDP has alleged similar questions of fact, including without limitation whether each and every Doe Defendant used a torrent protocol to download and distribute HDP's work. Further, HDP has alleged the exact same legal claim against each and every Doe Defendant.

By so doing, HDP has satisfied the second prong of Rule 20(a)(2), as its common cause of action will raise similar questions of law, including without limitation the application of the Copyright Act of 1976 (17 U.S.C. § 101 *et seq*.), particularly in the context of BitTorrent protocol-based digital piracy. *See DIRECTV, Inc. v. Barrett*, 220 F.R.D. at 632 ("The claims in each complaint and the law under which they are brought are the same. Based on DIRECTV's allegations, the claims in each case involve at least one common question of law.").

**D.      Similar cases have found that allegations similar to HDP's are consistent with Rule 20.**

Other courts addressing the question of joinder in the context of copyright infringement cases against anonymous defendants have specifically found that joinder of the defendants was proper under Rule 20, especially at the early outset of these types of cases.  Such other cases include, *Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1 (D.D.C. 2008), *Arista Records LLC v. Does 1-16*, Civ. No. 1:08-CV-765 (GTS/RFT), 2009 WL 414060 (N.D.N.Y. Feb. 18, 2009), *Sony Music Entm't Inc. v. Does 1-40*, 326 F. Supp. 2d 556 (S.D.N.Y. 2004), and the *DIRECTV, Inc.* cases cited herein. In fact in many of the similar music download cases, the plaintiffs submitted a list of over three hundred court orders that have apparently approved joinder in similar cases.  *See, e.g., Arista Records, LLC v. Does 1-27*, 584 F. Supp. 2d at 251.[3]  Overall, prior rulings support Plaintiff's position.

**E.      The prior cases dealing with similar allegations cited by Movant are significantly distinguishable.**

Movant's reliance on *BMG Music v. Does 1-4*, 2006 U.S. Dist. Lexis 53237, at 5-6 (N.D. Cal. July 31, 2006) is unpersuasive.  Unlike the Plaintiffs in that case, HDP has alleged a greater connection between the Doe Defendants than simply using the same Internet Service Provider. In *Twentieth Century Fox Film Corp. et al v. Does 1-12*, No. C-04-04862 (N.D. Cal. Nov. 16, 2004) the court simply declined to grant discovery as to multiple defendants until plaintiff demonstrated a greater connection between the defendants.  Finally, in *Interscope Records v. Does 1-2*, 2004 U.S. Dist. Lexis 53237 (M.D. Fla. 1, 2004), plaintiffs merely alleged that the each defendants "commit[ted] the same violation of the law in exactly the same way," which

---

[3] Plaintiff acknowledges that the use of this list has been criticized by at least two courts.  *See Arista Records, LLC v. Does 1-11*, No. 1:07-CV-2828, 2008 WL 4823160, at *6 fn. 7 (N.D. Ohio Nov. 3, 2008); *Fonovisa, Inc. v. Does 1-9*, Civil Action No. 07-1515, 2008 WL 919701, at *5 fn. 10 (W.D. Pa. Apr. 3, 2008).

14

differs from HDP's allegations of BitTorrent-based transactions among the various Doe Defendants.

**F.      Does Defendants may be prejudiced by severance at this stage of the proceedings.**

Movant, a nonparty, attempts to argue for severance on behalf of multiple third parties.

Movant fails to consider the benefits of giving all Doe Defendants the ability to combine or join

other Doe Defendants' filings and the ability to receive uniform decisions by the Court.  In

addition, as the court stated in *DIRECTV, Inc. v. Barrett*, "[a]t this stage of the litigation … the

defendants may ultimately benefit from leaving the claims joined; the fewer cases DIRECTV is

managing, the better DIRECTV can control its costs – costs which potentially could be borne by

the defendants." 220 F.R.D. at 632.


Respectfully submitted,

HARD DRIVE PRODUCTIONS, INC.

DATED: November 15, 2010


By:      /s/ John Steele
John L. Steele (Bar No. 6292158)
Steele Law Firm, LLC
161 N. Clark St.
Suite 4700
Chicago, IL 60601
312-893-5888; Fax 312-893-5604
john@steele-law.com
*Attorney for Plaintiff*

15

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 15, 2010, a true and correct copy of the foregoing PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO BRUMBELOW'S MOTION TO DISMISS was sent via first-class mail to the following:

Michael Brumbelow
7650 Harbour Walk
Cumming, GA 30041

/s/ John Steele
John L. Steele