1/7/2011

• • •

Ting Liu
6410 Encinita Ave.
Temple City, CA 91780

FILED

JAN 18 2011

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

United States Courthouse
211 South Court Street
Rockford, Illinois 61101

**Motion to Quash Subpoena**
**Court Case:** Hard Drive Productions, Inc. (the "Plaintiff") v_ Does 1-1000, I: I 0-cv-05606

To Whom It May Concern:

I recently received a subpoena from my internet service provider (Charter Communications) filed by Hard Drive Productions, Inc. requesting that my ISP reveal my personal information: name, address, telephone number, email address(es), modem MAC address. I object to this and would like to file a motion to quash the subpoena based on the grounds of privilege and constitutional rights.

I have attached a copy of the subpoena and the notice from Charter Communications.

Thank you,
Ting Liu

Charter

Charter Communications, Inc.
Legal Department
12405 Powerscourt Dr.
St. Louis, MO 63131
Fax: 314-909-0609

**IMPORTANT LEGAL NOTICE: PLEASE READ CAREFULLY**

December 28, 2010

TING LIU
6410 ENCINITA AVE
TEMPLE CITY, CA 91780

***OBJECTION DEADLINE***

**January 13, 2011, 4:00 pm CT**

**References Used In This Notice**

- Court Case: Hard Drive Productions, Inc. (the "Plaintiff") v. Does 1-1000, 1:10-cv-05606
- Court: UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS
- Copyrighted Work: Unspecified
- Identifying Information: Accountholder Name, Address(es), Telephone Number, Email Address(es), Modem MAC Address
- Charter Case Number: 10-5173
- Your ID Number: 37

Dear Sir or Madam:

Charter has received a subpoena from attorneys for the Plaintiff seeking certain information about your Charter internet account ("Account"), including the Identifying Information listed above. The Court has issued an order compelling Charter to disclose this information relating to your Charter Account. Charter respects the privacy of its subscribers, and will disclose customer information only to the extent required by law, as indicated in Charter's privacy policy on www.charter.com. Because a court order authorizes the Plaintiff to obtain this information, Charter must disclose these records unless you formally oppose disclosure in the Court by the objection deadline stated above. Copies of the court order and subpoena are attached.

Charter records indicate that an IP address listed on an exhibit to the subpoena was assigned to your Account at the given date and time. Below is a copy of the log that associates the IP with your Account in this format: IP Address – Modem MAC – CPE MAC – IP Lease Start Time – IP Lease End Time.
96.40.145.43 00:18:68:d8:a0:36 00:0d:0b:fd:56:fd 2010-03-15 06:37:23 2010-12-10 09:45:37

**Please note**: Charter cannot provide you legal representation and cannot object to the subpoena or court order on your behalf. If you wish to take action in this matter, you should contact an attorney immediately, who can advise you of your specific legal rights. If you intend to oppose the order, you should do so without delay in the court identified in the subpoena and order. **AN OBJECTION MADE SOLELY TO CHARTER IS INSUFFICIENT; OBJECTIONS MUST BE MADE DIRECTLY TO THE COURT. HOWEVER, CHARTER MUST BE NOTIFIED OF AN OBJECTION NO LATER THAN THE OBJECTION DEADLINE GIVEN ABOVE.**

If you file an opposition to the order, you or your attorney should provide a copy of the objection you submitted with the Court to Charter (attention Kelly Starkweather via facsimile at 314-909-0609) by the objection deadline stated above so that Charter may withhold disclosure of your information. **PLEASE CLEARLY INDICATE IN YOUR COPY TO CHARTER (1) THAT YOUR OBJECTION WAS MADE TO THE COURT AND (2) PROVIDE YOUR NAME AND ADDRESS OR A COPY OF THIS LETTER, EVEN IF YOUR OBJECTION TO THE COURT IS ANONYMOUS. WITHOUT THIS INFORMATION CHARTER CANNOT WITHHOLD DISCLOSURE OF YOUR INFORMATION.**

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Illinois

| | | |
|---|---|---|
| HARD DRIVE PRODUCTIONS, INC. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:10-cv-05606 |
| DOES 1 - 1000 | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Charter Communications, LLC, attn: Subpoena Compliance/Legal, via e-mail

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: In accordance with the conditions in the attached order, provide the name, current (and permanent) addresses, telephone numbers, e-mail addresses and Media Access Control addresses of all persons whose IP addresses are listed in the attached spreadsheet. We will be pleased to provide data to you in the most efficient and cost effective format if you let us know what your preferred format is.

| Place: | Date and Time: |
|---|---|
| Steele Law Firm, LLC<br>161 N Clark St. Ste. 4700<br>Chicago, IL 60601 | 01/22/2011 10:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 12/02/2010

*CLERK OF COURT*

OR

/s/ John Steele

*Signature of Clerk or Deputy Clerk* *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Hard Drive Productions Inc., who issues or requests this subpoena, are:

John Steele, Steele Law Firm LLC, 161 N Clark St. Ste. 4700, Chicago, IL 60601, john@steele-law.com; 312-893-5888

 HHN

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| HARD DRIVE PRODUCTIONS, INC. | ) | |
| | ) | CASE NO.: 10 C 5606 |
| Plaintiff, | ) | |
| | ) | 10cv 5606 |
| v. | ) | Judge: |
| | ) | Magistrate Judge: |
| DOES 1 – 100 | ) | |
| | ) | |
| Defendants. | ) | EXPEDITED HEARING REQUESTED |
| | ) | |
| | ) | |

**[redacted] ORDER GRANTING PLAINTIFF'S *EX PARTE* MOTION FOR LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26(f) CONFERENCE**

The Court has reviewed all the papers filed in connection with the Plaintiff's *Ex Parte* Motion for Leave to Take Discovery Prior to Rule 26(f) Conference ("Motion"), and considered the sworn declaration and issues raised therein, including the relevant privacy issues and the unique aspects of BitTorrent protocol-based copyright infringement.

ORDERED that Plaintiff's *Ex Parte* Motion for Leave to Take Discovery Prior to Rule 26(f) Conference is granted; it is further

ORDRED that Plaintiff is allowed to serve immediate discovery on the Internet service providers (ISPs) listed in Exhibit A to the Complaint filed in this matter to obtain the identity of each Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Defendant, including name, current (and permanent) addresses, telephone numbers, e-mail addresses, and Media Access Control addresses; it is further

ORDERED that the Plaintiff may serve immediate discovery on any ISP identified by the same means detailed in the Declaration and Motion, or identified as providing network access or online services to one or more Doe Defendants, by an ISP upon whom a Rule 45 subpoena is served, for which an infringing download has been identified by individual IP address together with the date and time access to a torrent swarm by such IP address was made for the purpose of downloading an unlawful copy of the Plaintiff's copyrighted creative works. Such Rule 45 subpoena shall seek information sufficient to identify each Doe Defendant, including his or her name, current (and permanent) addresses, telephone number, e-mail address, and Media Access Control Address; it is further

ORDERED that Plaintiff is allowed to serve a Rule 45 subpoena in the same manner as above to any ISP that is identified in response to a subpoena as a provider of Internet services to one of the Doe Defendants; it is further

ORDERED any information disclosed to Plaintiff in response to a Rule 45 subpoena may be used by Plaintiff solely for the purpose of protecting Plaintiff's rights as set forth in its Complaint; it is further

ORDERED any ISP which receives a subpoena shall not assess any charge to the Plaintiff in advance of providing the information requested in the Rule 45 subpoena or for IP addresses which are not controlled by such ISP, duplicate IP addresses that resolve to the same individual, other IP addresses that do not provide the name and other information requested of a unique individual, or for the ISP's internal costs to notify its customers; it is further