**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| HARD DRIVE PRODUCTIONS, INC. | ) | |
| | ) | CASE NO.: 1:10-cv-05606 |
| Plaintiff, | ) | |
| | ) | Judge: James B. Zagel |
| v. | ) | |
| | ) | Magistrate Judge: Geraldine S. Brown |
| DOES 1 – 1000 | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**PLAINTIFF HARD DRIVE'S MOTION TO EXTEND TIME FOR SERVICE OF ITS
FIRST AMENDED COMPLAINT UNDER FRCP RULE 4(M).**

**I.     INTRODUCTION**

Plaintiff Hard Drive Productions, Inc. ("Plaintiff" or "Hard Drive") hereby moves the

Court for an Order extending Hard Drive's time to serve the Defendants in this action with the

Complaint beyond the 120 days provided in Federal Rule of Civil Procedure 4(m).  Plaintiff

respectfully requests an appropriate extension of time based on Plaintiff's good cause for its

expected inability to serve Defendants within 120 days of filing its First Amended Complaint.

**II.     ARGUMENT**

      **A.     UPON A SHOWING OF GOOD CAUSE, THE COURT MUST EXTEND
          THE TIME FOR SERVICE ON DEFENDANTS**

Rule 4(m) of the Federal Rules of Civil Procedure generally requires a plaintiff to serve

defendants within 120 days of naming them in a complaint. Fed. R. Civ. P. 4(m).  In the event

that service is not timely made, a defendant may move for dismissal without prejudice.  *Id*.  In

the alternative, a court, after providing the plaintiff with notice, must either dismiss the action

without prejudice or order that service be made within a specified time.  *Id*.  If, however, a

plaintiff is able to show good cause for not timely serving defendants, the court must extend the time for service to an appropriate period. *Id.*; *see also Panaras v. Liquid Carbonic Industries Corp.*, 94 F.3d 338, 340 (7th Cir. 1996) ("In other words, where good cause is shown, the court has no choice but to extend the time for service, and the inquiry is ended.")

"To determine whether good cause exists, a court considers whether plaintiff made reasonable efforts to serve defendant and whether defendant has been prejudiced by the delay." *Coleman v. Cranberry Baye Rental Agency*, 202 F.R.D. 106, 109 (N.D.N.Y. 2001). "Good cause is generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control." *Eastern Refactories Co., Inc. v. Forty Eight Insulations, Inc.*, 187 F.R.D. 503, 505 (S.D.N.Y. 1999) (quoting *Nat'l Union Fire Ins. Co. v. Sun*, No. 93 Civ. 7170 (LAP), 1994 WL 463009, at *3 (S.D.N.Y. Aug. 25, 1994)).

      B.     PLAINTIFF HAS GOOD CAUSE TO EXTEND THE TIME LIMIT FOR SERVICE

Plaintiff expects to be unable to serve Does 101-1000 within 120 days of filing its First Amended Complaint because it anticipates being unable to ascertain Defendants' identities within that period of time. Without knowing the Defendants' identities, it is literally impossible for Plaintiff to serve them with the First Amended Complaint. Plaintiff has taken every action in its power to promote discovery, but Internet Service Providers, and in particular the major Internet Service Providers, do not have infinite capacity for performing Internet Protocol address resolutions. Plaintiff, as with the plaintiffs in much larger similarly-structured actions, must wait in line.

Plaintiff requested the Court's leave to file its First Amended Complaint to name Does 101-1000 on November 12, 2010, which the Court granted on November 18, 2010 [*See* Doc.

Nos. 24, 28]  On December 25, 2010, Plaintiff filed its First Amended Complaint. [Doc. 30]

Shortly thereafter Plaintiff served subpoenas on non-party Internet Service Providers.

Plaintiff has received identifying information with respect to roughly 20% of Does 101-

1000, leaving approximately 80% of those Does as yet unidentified.  The overwhelming majority

of the remaining Does are subscribers of the major Internet Service Providers.  Plaintiff expects

to receive production from these Internet Service Providers after the expiration of the 120 day

period for service.  After Plaintiff receives this production and has had an opportunity to

ascertain the merits of its claims against the Does, as required by such rules as Fed. R. Civ. P. 11,

it will be in a position to serve the Does with the Complaint.

The length of time it has taken Plaintiff to receive production from non-party Internet

Service Providers is a direct result of the significant number of doe defendants named in similar

copyright infringement lawsuits that have been filed across the nation.  An estimated 100,000

doe defendants have been named in this type of lawsuit in the past twelve months – a reflection

of the extent of the problem of Internet-based content piracy.  Nearly every one of these cases is

significantly larger than Plaintiff's action, with the largest actions involving in excess of 10,000

defendants.  While Internet Service Providers are working diligently to complete Internet

Protocol address resolutions, the plaintiffs in these cases, including this one, are experiencing

significant delays in production.  These delays are a direct result of circumstances outside of

Plaintiff's control.

With respect to the Doe Defendants that have been identified, and in particular Does 1-

100, Plaintiff has sent correspondence to the Doe Defendants in an attempt to either settle with

those Doe Defendants before naming and serving them or to further ascertain the merits of

Plaintiff's claims against them, as required by such rules as Fed. R. Civ. P. 11.  A significant

number of these Defendants elected to settle Plaintiff's claims instead of engage in litigation, and Plaintiff has dismissed these parties from its case. Each of Does 1-100 has been dismissed from the case due to settlement, because Plaintiff is preparing suits to be filed against the Does in their domicile jurisdictions, because the relevant Internet Protocol records were destroyed by Internet Service Providers prior to their receipt of Plaintiff's subpoenas or because Plaintiff is further ascertaining the merits of its claims against the Does.

###### C. THE COURT SHOULD EXERCISE ITS DISCRETION IN PLAINTIFF'S FAVOR.

In the alternative, if the Court determines that Plaintiff's inability to serve Defendants within 120 days does not constitute a justifiable good cause delay, Plaintiff respectfully requests the Court to exercise its discretion to extend the time for service. *Coleman v. Milwaukee Bd. Of Sch. Dirs.*, 290 F.3d 932, 933-34 (7th Cir. 2002) (internal quotations and citations omitted). "[C]ase law allows the district court to extend the time for service even if there was no good cause for the plaintiff's missing the deadline." *Id*. at 934. For the reasons described herein, Plaintiff's inability to serve Defendants within 120 days is not the result of any delay or stalling tactics on the part of Plaintiff. Instead, at all turns Plaintiff has taken actions to expedite discovery in order to ascertain the identities of the anonymous defendants. Moreover, the anonymous Defendants would suffer no prejudice as the result of an extension of time for service.

###### D. CONCLUSION

Good cause exists as to why Plaintiff has not yet named and served the Defendants in this case. First, Plaintiff has received the identifying information for only a small fraction of the Doe Defendants. Second, Plaintiff has not yet been able to ascertain the merits of its claims against all Doe Defendants so as to ensure that Plaintiff does not prosecute frivolous claims. Finally, the

Defendants will not be prejudiced by any delay in naming and serving them and will not be prejudiced by an extension.  Therefore, the Court should extend the time for service for an appropriate period to allow Plaintiff a reasonable opportunity to complete its limited discovery and ascertain the validity of its claims against the Doe Defendants before naming and serving them.  *See Aviles v. Village of Bedford Park*, 160 F.R.D. 565 (N.D. Ill. 1995) (stating that "Aviles has initiated discovery aimed at determining the officers' identities and we are hesitant to dismiss a potentially meritorious lawsuit on essentially procedural grounds when such discovery requests are outstanding"); *see also Gillespie v. Civiletti*, 629 F.2d 637 (9th. Cir. 1980) (holding that the "district court abused its discretion in not permitting the discovery sought by the appellant [to disclose the identity of doe defendants] and the court's subsequent dismissal of the complaint was error").

Plaintiff respectfully requests the Court for a reasonable extension of Plaintiff's time for service of the Complaint.

Respectfully submitted,

HARD DRIVE PRODUCTIONS, INC.

**DATED:** February 10, 2011

By:    /s/ John Steele_____
John Steele (Bar No. 6292158)
Steele Hansmeier PLLC
161 N. Clark St.
Suite 4700
Chicago, IL 60601
312-880-9160; Fax 312-893-5677
jlsteele@wefightpiracy.com
*Attorney for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on February 10, 2011, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system, in compliance with Local Rule 5.2(a).


<u>s/ John Steele</u>
JOHN STEELE