ORIGINAL

FILED

MAY - 3 2011
May 3. 2011
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

HARD DRIVE PRODUCTIONS, INC.

Plaintiff,

v.

DOES 1-1000,

Defendants.

Case No. 10-cv-05606

Hon. Judge James B. Zagel

Magistrate Judge Soat Brown

---

## DECLARATION OF DOE DEFENDANT (98.164.239.204) IN SUPPORT OF MOTION FOR ORDER: (1) QUASHING SUBPOENA; (2) ENTERING PROTECTIVE ORDER; (3) SEVERING FOR IMPROPER JOINDER AND/OR (4) DISMISSING FOR LACK OF PERSONAL JURISDICTION

Under penalties so provided by law, the undersigned declares that all statements made herein of his or her knowledge are true and that all statements made herein on information and belief are believed to be true:

1. I have received a letter from my Internet Service Provider (ISP), Cox Communications, dated April 22, 2011. My ISP advised me in the April 22nd letter that I have until May 5, 2011 to respond to the subpoena attached thereto.

2. Attached hereto as Exhibit A is a true and correct copy of the letter from Cox Communications to me, dated April 22, 2011, with my personal identifying information redacted.

3. The IP address disclosed in the subpoena and the April 22nd letter from Cox Communication to me is 98.164.239.204, which resolves to a

1

computer located at a physical address outside the State of Illinois. This information could have been verified by the Plaintiff at any time, using free tools on-line, such as those found at InfoSniper (www.infosniper.net) or DNSStuff (www.dnnstuff.com).

4.     I did not reside or work in the State of Illinois at the time of the alleged copyright infringement recited in the Plaintiff's complaint, nor at any other time.

5.     I have never been to the State of Illinois in my life, and I do not currently reside or work in the State of Illinois.

6.     I have no normal business or personal contacts with the State of Illinois that would be sufficient for the exercise of general personal jurisdiction over me, nor have I had any contact, recent or otherwise, with the State of Illinois.

7.     Attached hereto as Exhibit B is a true and correct copy of the March 31, 2011 Order issued in *Millenium TGA Inc. v. Does 1-800*, 10-CV-5603.

8.     Attached hereto as Exhibit C is a true and correct copy of the February 24, 2011 Order in *CP Productions, Inc. v. Does 1-300*, 10-CV-06255.

9.     Attached hereto as Exhibit D is a true and correct copy of the March 31, 2011 Order issued in *Lightspeed v. Does 1-1000*, 10-CV-5604.

10.    Attached hereto as Exhibit E is a redacted true and correct copy of a PACER printout.

Signed under penalty of perjury, this 2nd date of May, 2011 in the United States.

*Doe Defendant*

Doe Defendant (98.164.239.204)

*In Pro Se*

2

## EXHIBIT LIST

| Exhibit A | Copy of Letter from ISP re Subpoena; Subpoena to ISP (Redacted) |
| --- | --- |
| Exhibit B | Copy of March 31, 2011 Order issued in *Millenium TGA, Inc. v. Does 1-800*, 10-cv-5603 |
| Exhibit C | Copy of February 24, 2011 Order issued in *CP Productions, Inc. v. Does 1-300*, 10-cv-5603 |
| Exhibit D | Copy of March 31, 2011 Order issued in *Lightspeed v. Does 1-1000*, 10-cv-5604 |
| Exhibit E | Copy of PACER printout |

# EXHIBIT A

# neustar

Date:04/22/2011

## MASS SUBPOENA NOTIFICATION

REDACTED

Target Details: IP Address 98.164.239.204  on  11/08/2010 09:24:58 AM

Dear Customer:

It is the policy of Cox Communications to notify a subscriber that a subpoena has been received for the subscriber's records.

Accordingly, please be advised that on 03/22/2011 a Civil Proceeding Subpoena Request was received from John Steele, Esquire, Phone # (312)-893-5888.

Cox Communications will comply with this subpoena on 05/06/2011 unless we receive legal documents that delay or terminate the process on or before 05/05/2011.

Cox Communications is not a party to this lawsuit and has no information about the basis for the subpoena.  Any questions you may have about the subpoena itself should be referred to John Steele, Esquire, Phone # (312)-893-5888. If you have a need to contact NeuStar about this letter or our procedure, please contact us at (877) 510-4357, Option 4. To better enable us to provide prompt assistance, please refer to case # AD23386 when calling.

Sincerely,

Angelique Dade
Authorized Agent for Custodian of Records
Cox Communications

If you would like to authorize the release of your records immediately, please sign in the space provided below and fax this page to us at (571) 434-3401.

_____          _____

Customer Signature                                          Date

Neustar, Inc. · 46000 Center Oak Plaza, Sterling, VA 20166 /tel: 877 510 4357 /fax: 571 434 3401 or 571 434 3492  www.neustar.biz

AO 88B (Rev. 06/09: Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of Illinois

| | |
|---|---|
| HARD DRIVE PRODUCTIONS, INC. | ) |
| *Plaintiff* | ) |
| v. | ) |
| DOES 1 - 1000 | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.    1:10-cv-05606

(If the action is pending in another district, state where:                    )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Cox Communications, Inc., attn: Subpoena Compliance/Legal,
c/o Corporation Service Company, 40 Technology Pkwy South Ste 300, Norcross, GA 30092-2924

☑ *Production:* YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: in accordance with the conditions in the attached order, provide the name, current (and permanent) addresses, telephone numbers, e-mail addresses and Media Access Control addresses of all persons whose IP addresses are listed in the attached spreadsheet. We will be pleased to provide data to you in the most efficient and cost effective format if you let us know what your preferred format is.

| Place: Steele Law Firm, LLC | Date and Time: |
|---|---|
| 161 N Clark St. Ste. 4700 Chicago, IL 60601 | 01/12/2010 10:00 am |

☐ *Inspection of Premises:* YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:     11/29/2010

*CLERK OF COURT*

OR

_____                    /s/ John Steele
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*  Hard Drive Productions Inc
, who issues or requests this subpoena, are:

John Steele, Steele Law Firm LLC, 161 N Clark St. Ste. 4700, Chicago, IL 60601, john@steele-law.com; 312-893-5888

EXHIBIT A page 2

# EXHIBIT B

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5603 | **DATE** | March 31, 2011 |
| **CASE TITLE** | *Millenium TGA Inc. v. Does 1-800* | | |

DOCKET ENTRY TEXT

For the reasons stated below, the court sua sponte severs all of the defendants except Doe IP address 68.239.158.137 for improper joinder. All other Doe defendants are severed from the case without prejudice to the plaintiff filing suit against them individually in the proper forum. The plaintiff shall immediately proceed with the notification procedures to all of the severed Doe defendants as detailed in this order. The pending motions to quash [Dkt. #43, 46, 49, 54] are denied as moot. Doe IP Address 68.239.158.137's motion to quash [Dkt. #39] is granted. Doe IP address 68.239.158.137 need not respond to the subpoena; in the interim, the plaintiff has until April 11, 2011, to either amend the complaint to name Doe IP address 68.239.158.137 as a defendant or dismiss the case in its entirety.

■[ For further details see text below.]

### STATEMENT

The plaintiff, Millenium TGA Inc., brought suit alleging that John Does 1-800 infringed its copyright by illegally reproducing and distributing over the Internet the plaintiff's creative works. The amended complaint alleges that the defendants downloaded the works using BitTorrent protocol under which users distribute data directly to one another rather than obtaining the files from a central server. The actual names of the defendants were unknown to the plaintiff; instead, the only means of identifying the defendants was through an Internet Protocol ("IP") address, which is a unique number assigned to a computer. On September 13, 2010, this court granted the plaintiff leave to subpoena certain Internet service providers ("ISP") to obtain the identity of the persons associated with the allegedly offending IP addresses identified in the First Amended Complaint.

Several of the Doe defendants have filed motions to quash the subpoenas [Dkt. ## 39, 43, 46, 49, 54] for lack of personal jurisdiction. The magistrate judge, to whom this case has been referred to supervise discovery, recently set a briefing schedule for these motions. Because the court sua sponte concludes that all of the Doe defendants except one have been improperly joined, the pending motions to quash at docket entries 43, 46, 49, and 54 are denied as moot.

Under Rule 20, persons may be joined in one action as defendants if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Further, Fed. R. Civ. P. 21 provides that "[m]isjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."

EXHIBIT B page 1

Page 1 of 3

## STATEMENT

In other similar types of copyright cases, some courts have ordered that Doe defendants be severed. For example, in *LaFace Records, LLC v. Does 1-38*, No. No. 5:07-CV-298-BR, 2008 WL 544992 (E.D.N.C. Feb. 27, 2008), the court granted a motion to sever under facts similar to those existing in this case, stating:

> The moving defendants argue that plaintiffs have failed to show that the copyright infringement claims against them arise out of the same transaction, occurrence, or series of transactions or occurrences. (Defs.' Mem. at 12-16). The court agrees. Plaintiffs argue that the claims asserted against the various defendants arise out of the same series of transactions because each defendant used the same ISP as well as some of the same P2P networks "to commit the exact same violation of the law in exactly the same way." (Plfs .' Resp. at 22). However, merely committing the same type of violation in the same way does not link defendants together for purposes of joinder.
>
> In similar cases, other courts have commonly held that where there is no assertion that multiple defendants have acted in concert, joinder is improper. *See BMG Music v. Does 1-4*, No. 3:06-cv-01579-MHP, 2006 U.S. Dist. LEXIS 53237, at *5-6 (N.D. Cal. July 31, 2006) (sua sponte severing multiple defendants in action where only connection between them was allegation they used same ISP to conduct copyright infringement); *Interscope Records v. Does 1-25*, No. 6:04-cv-197-Orl-22DAB, 2004 U.S. Dist. LEXIS 27782, at *19 (M.D. Fla. Apr. 1, 2004) (magistrate judge recommended sua sponte severance of multiple defendants in action where only connection between them was allegation they used same ISP and P2P network to conduct copyright infringement). Accordingly, this court finds that defendants' use of the same ISP and P2P networks to allegedly commit copyright infringement is, without more, insufficient for permissive joinder under Rule 20. This court will sever not only the moving defendants from this action, but all other Doe defendants except Doe 2. *See BMG Music v. Does 1-203*, No. 04-650, 2004 U.S. Dist. LEXIS 8457, at *2, *4, 2004 WL 953888 (E.D. Pa. Apr. 2, 2004) (upon motion for reconsideration, court upheld its sua sponte order of severance of all but one Doe defendant).

*Id.* at *2.

This court agrees with the above reasoning and concludes that Rule 20(a)(2)(A) has not been satisfied. Moreover, given the number of "potential" defendants (*i.e.*, Does 1-800), this court could be faced with dozens if not hundreds of factually unique motions to dismiss, quash or sever from potential defendants located all over the country with no discernible ties to this district. Indeed, at least five motions to quash have been filed in this case in the past week.

The court's decision to order severance is reinforced by its concerns regarding the plaintiff's choice of venue. The plaintiff's complaint points to no facts indicating why venue is appropriate in the Northen District of Illinois. The plaintiff is a Hawaii corporation with its principal place of business in California. As far as the plaintiff knows, none of the defendants are located in Illinois and it merely alleged, without any basis the court can discern, that "on information and belief each Defendant may be found in this district and/or a substantial part of the acts of infringement complained of herein occurred in this District." Amended Comp. at ¶7. Indeed, apparently none of the Doe defendants who have filed motions to quash are located in Illinois and it appears that easily accessible tools exist to verify the locations of the IP addresses of the other named Doe defendants, *see, e.g.*, http://whois.arin.net/ui/, many (if not all) of which are not located in Illinois.

EXHIBIT B page 2

Case 1:10-cv-05606 Document #: 163 Filed: 04/15/11 Page 3 of 3 PageID #:456

## STATEMENT

For these reasons, all Doe defendants, except Doe IP address 68.239.158.137, are severed from this case without prejudice to the plaintiff filing suit against them individually. The plaintiff shall, within 7 days of the date of this order, notify the internet service providers that have been subpoenaed that the subpoena is sua sponte quashed, to cease and desist all efforts to identify the users of the relevant IP addresses, and to have the internet service providers immediately notify anyone to whom they have previously given notice of the subpoena of this dismissal order. Moreover, as to all of the IP addresses for which the plaintiff has received identifying information, the plaintiff shall, within 7 days of the date of entry of this order, send via U.S. Mail the instant order to those users along with a letter notifying them that they are no longer potential defendants in the instant litigation.

With respect to Doe IP address 68.239.158.137's motion to quash for lack of personal jurisdiction, the motion is granted. Doe IP address 68.239.158.137 need not respond to the subpoena at this time; in the interim, the plaintiff has until April 11, 2011, to either amend the complaint to name Doe IP address 68.239.158.137 as an actual defendant in this case or dismiss the case in its entirety. In the event that the plaintiff amends the complaint to name Doe IP address 68.239.158.137 as a defendant, Doe IP address 68.239.158.137 may renew its motion to quash for lack of personal jurisdiction.

RH/p

EXHIBIT B page 3

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CP PRODUCTIONS, INC.,           )
                                )
            Plaintiff,          )
                                )
      v.                        )      No.  10 C 6255
                                )
DOES 1-300,                     )
                                )
            Defendants.         )

<u>MEMORANDUM OPINION AND ORDER</u>

This Court's February 7, 2011 memorandum order ("Order"),

issued sua sponte, began by stating:

> As the caption of this action suggests, it is an
> understatement to characterize it as problematic in
> nature.

Because more than one aspect of the Complaint, as the Order went

on to say, "plainly has the potential to perpetrate the type of

abuse identified in the most recent motion to quash and, indeed,

the motion to quash filed earlier by a Tennessee lawyer who lists

herself as 'Attorney for Doe 300,'" this Court complied with the

mandate of Fed. R. Civ. P. ("Rule") 4(m) by dismissing the action

without prejudice against all 300 putative defendants.

Counsel for plaintiff CP Productions, Inc. ("CP") promptly

countered with a motion seeking reconsideration of the dismissal

order.[1]  This Court reviewed counsel's contentions and continued

---

[1]  Counsel's filing of that motion on the very next day
after the Order was entered suggests that counsel was well aware
of the action's problematic nature and had already marshaled
arguments intended to meet the obvious problems that it appeared
to present.

EXHIBIT C page 1

the motion to April 14 to see what developments might cast further light on the matter.

Now a new motion to quash, filed by another of the "Doe" defendants (obviously a lawyer or well acquainted with legal principles), has provided chapter and verse to demonstrate why this Court was correct the first time around. It is unnecessary to set out all the reasons that dismissal of this action is the proper course--a few of the principal difficulties will suffice.

Among other things, the newest motion demonstrates that there is no justification for dragging into an Illinois federal court, on a wholesale basis, a host of unnamed defendants over whom personal jurisdiction clearly does not exist and--more importantly--as to whom CP's counsel could readily have ascertained that fact. Moreover, if the 300 unnamed defendants have in fact infringed any CP copyrights (something that this Court will assume to be the case, given the Complaint's allegations that so state), each of those infringements was separate and apart from the others. No predicate has been shown for thus combining 300 separate actions on the cheap--if CP had sued the 300 claimed infringers separately for their discrete infringements, the filing fees alone would have aggregated $105,000 rather than $350.[2]

_____

[2] It would constitute a real stretch of the normal meaning of language for CP to call Rule 20(a)(2)(A) into play as the asserted predicate for lumping its separate asserted claims into

EXHIBIT C page 2

As if those things were not enough to call for dismissal (and they are), CP's placement of venue in this judicial district is more than suspect. CP itself is an Arizona-based Arizona corporation, and Complaint ¶7 is totally (and unpersuasively) speculative in its assertions as to venue regarding the "Doe" defendants (see 28 U.S.C. §1391(b)).

As indicated earlier, there is more, but this Court sees no need "[t]o gild refined gold, to paint the lily."[3] This Court denies CP's motion for reconsideration, vacates the April 14 status hearing date and orders the subpoena issued to the Internet Service Provider ("Provider") to be quashed. In addition, CP is ordered to direct the Provider to notify (at CP's expense) all those to whom the Provider has previously given notice of CP's subpoena issued to the Provider of (1) the fact of this dismissal and (2) the fact that the Provider will take no further action in connection with the now-quashed subpoena, so that those persons are free to ignore the matter.[4]

_____
Milton I. Shadur
Senior United States District Judge

Date: February 24, 2011

_____

a single lawsuit.

[3] William Shakespeare, <u>King John</u> act 4, sc. 2, line 11.

[4] This order is without prejudice to CP's possible pursuit of its copyright infringement claims on an individual basis.

3

EXHIBIT C page 3

# EXHIBIT D

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5604 | **DATE** | March 31, 2011 |
| **CASE TITLE** | *Lightspeed v. Does 1-1000* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Mr. Rogers' motion for improper joinder is granted and all other Doe defendants are severed from the case without prejudice to the plaintiff filing suit against them individually in the proper forum. The plaintiff shall immediately proceed with the notification procedures to all of the severed Doe defendants as detailed in this order. With respect to Mr. Rogers' motion to dismiss for lack of personal jurisdiction, the motion is denied without prejudice. The plaintiff has until April 11, 2011, to either amend the complaint to name Mr. Rogers as a defendant or dismiss the case in its entirety.

■[ For further details see text below.]

### STATEMENT

The plaintiff, Lightspeed Media Corporation, brought suit alleging that John Does 1-1,000 infringed its copyright by illegally reproducing and distributing over the Internet the plaintiff's creative works. The amended complaint alleges that the defendants downloaded the works using BitTorrent protocol under which users distribute data directly to one another rather than obtaining the files from a central server. The actual names of the defendants were unknown to the plaintiff; instead, the only means of identifying the defendants was through an Internet Protocol ("IP") address, which is a unique number assigned to a computer. On September 15, 2010, this court granted the plaintiff leave to subpoena certain Internet service providers ("ISP") to obtain the identity of the persons associated with the allegedly offending IP addresses identified in the First Amended Complaint.

One of the individuals apparently identified by an ISP as owning one of the allegedly offending IP addresses is Beau Rogers. Mr. Rogers filed a motion to quash the subpoena, a motion to dismiss the complaint based on a lack of personal jurisdiction and a motion for severance based on impermissible joinder [Dkt. ## 32, 33]. Mr. Rogers also filed a motion for a protective order asking that he be allowed to conceal his identity from the plaintiff. On February 4, 2011, the court denied Mr. Rogers' motion to quash without prejudice pending a ruling on the motions to dismiss for lack of personal jurisdiction and for severance based on impermissible joinder. In that same order, the court denied the motion for a protective order because Mr. Rogers had already disclosed his name and address to the plaintiff in his filings with the court, and because Mr. Rogers had not demonstrated that he was entitled to conceal his identity under Seventh Circuit precedent.

The plaintiff filed its opposition to Mr. Rogers' motions to dismiss and for severance on February 24, 2011. The defendant did not file a reply, though he was given the opportunity to do so; accordingly, the court will rule without the benefit of a reply.

## STATEMENT

The court will first address Mr. Rogers' motion for joinder. Under Rule 20, persons may be joined in one action as defendants if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Further, Fed. R. Civ. P. 21 provides that "[m]isjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."

Mr. Rogers notes that in other similar types of copyright cases, some courts have ordered that the defendants be severed, and asks that the same be done here. For example, Mr. Rogers cites to *LaFace Records, LLC v. Does 1-38*, No. 5:07-CV-298-BR, 2008 WL 544992 (E.D.N.C. Feb. 27, 2008), in which the court granted a motion to sever under facts similar to those existing in this case, stating:

> The moving defendants argue that plaintiffs have failed to show that the copyright infringement claims against them arise out of the same transaction, occurrence, or series of transactions or occurrences. (Defs.' Mem. at 12-16). The court agrees. Plaintiffs argue that the claims asserted against the various defendants arise out of the same series of transactions because each defendant used the same ISP as well as some of the same P2P networks "to commit the exact same violation of the law in exactly the same way." (Plfs.' Resp. at 22). However, merely committing the same type of violation in the same way does not link defendants together for purposes of joinder.
>
> In similar cases, other courts have commonly held that where there is no assertion that multiple defendants have acted in concert, joinder is improper. *See BMG Music v. Does 1-4*, No. 3:06-cv-01579-MHP, 2006 U.S. Dist. LEXIS 53237, at *5-6 (N.D. Cal. July 31, 2006) (sua sponte severing multiple defendants in action where only connection between them was allegation they used same ISP to conduct copyright infringement); *Interscope Records v. Does 1-25*, No. 6:04-cv-197-Orl-22DAB, 2004 U.S. Dist. LEXIS 27782, at *19 (M.D. Fla. Apr. 1, 2004) (magistrate judge recommended sua sponte severance of multiple defendants in action where only connection between them was allegation they used same ISP and P2P network to conduct copyright infringement). Accordingly, this court finds that defendants' use of the same ISP and P2P networks to allegedly commit copyright infringement is, without more, insufficient for permissive joinder under Rule 20. This court will sever not only the moving defendants from this action, but all other Doe defendants except Doe 2. *See BMG Music v. Does 1-203*, No. 04-650, 2004 U.S. Dist. LEXIS 8457, at *2, *4, 2004 WL 953888 (E.D. Pa. Apr. 2, 2004) (upon motion for reconsideration, court upheld its sua sponte order of severance of all but one Doe defendant).

*Id.* at *2.

In response, the plaintiff argues that this case is distinguishable because BitTorrent involves more than "'merely committing the exact same violation in the same way' or using the same ISP as was alleged in those cases." Plaintiff's Opposition, Dkt. #45 at 13. But this statement ignores that the BitTorrent protocol is a peer-to-peer file sharing system, which was at issue in the *LaFace Records* case.[1] Thus, the court finds the plaintiff's attempt to distinguish its case from the others cited above unpersuasive and that Rule 20(a)(2)(A) has not been satisfied. The court is equally unmoved by the plaintiff's assertion that joinder at this stage serves the interests of judicial economy. According to the plaintiff, if joinder is not allowed, it would be

Case: 1:10-cv-05606 Document #: 170 Filed: 05/03/11 Page 18 of 21 PageID #:876

Case: 1:10-cv-05604 Document #: 53 Filed: 03/31/11 Page 3 of 3 PageID #:247

## STATEMENT

required to file 1,000 different cases in which the judges might issue inconsistent rulings. But this issue goes to the plaintiff's interests, not the court's. The plaintiff states that, after discovery is complete, "Lightspeed may ultimately dismiss the entire case and file suits against individual Defendants in other jurisdictions." Plaintiff's Memorandum in Opposition, Dkt. #45. In the meantime, given the number of "potential" defendants (*i.e.*, Does 1-1000), this court could be faced with hundreds of factually unique motions to dismiss, quash or sever from potential defendants located all over the country. Indeed, one other motion is pending in this case and in another similar case before this court, *Millenium TGA Inc. v. Does 1-100* (10 C 5603), numerous motions to quash based on a lack of personal jurisdiction are being filed as this order is being written.

The court's decision to order severance is reinforced by its concerns regarding the plaintiff's choice of venue. The plaintiff's complaint points to no facts indicating why venue is appropriate in the Northern District of Illinois. The plaintiff is an Arizona corporation with its principal place of business in Arizona. As far as the plaintiff knows, none of the defendants are located in Illinois and it has provided no good-faith basis for its allegation that "on information and belief each Defendant may be found in this district and/or a substantial part of the acts of infringement complained of herein occurred in this District." Amended Comp. at ¶7. Indeed, at least one defendant, Mr. Rogers, is not found in this district and it appears that easily accessible tools exist to verify the locations of the IP addresses of the other named Doe defendants, *see, e.g.*, http://whois.arin.net/ui/, many (if not all) of which are not located in Illinois.

For these reasons, Mr. Rogers' motion for improper joinder is granted. All other Doe defendants are severed from this case without prejudice to the plaintiff filing suit against them individually. The plaintiff shall, within 7 days of the date of this order, notify the internet service providers that have been subpoenaed that the subpoena is sua sponte quashed, to cease and desist all efforts to identify the users of the relevant IP addresses, and to have the internet service providers immediately notify anyone to whom they have previously given notice of the subpoena of this dismissal order. Moreover, as to all of the IP addresses for which the plaintiff has received identifying information, the plaintiff shall, within 7 days of the date of entry of this order, send via U.S. Mail the instant order to those users along with a letter notifying them that they are no longer named as potential defendants in the instant litigation.

With respect to Mr. Rogers' motion to dismiss for lack of personal jurisdiction, the plaintiff contends that the motion is premature because Mr. Rogers has not actually been named as a defendant in this case. The plaintiff has until April 11, 2011, to either amend the complaint to name Mr. Rogers as a defendant or dismiss the case in its entirety. In the event that the plaintiff amends the complaint to name Mr. Rogers as a defendant, Mr. Rogers may renew his motion to dismiss for lack of personal jurisdiction.

RH/p

1. "Bit Torrent is a popular P2P [peer-to-peer] file sharing system. The BitTorrent network relies on Internet search engines that index files through metadata called torrents. Bit Torrent client software allows files to be downloaded and uploaded on P2P networks using a high-performance network protocol."
http://compnetworking.about.com/od/bittorrent/BitTorrent_Bit_Torrent_P2P_Network.htm (visited March 23, 2011).

Page 3 of 3

EXHIBIT D page 3

# EXHIBIT E

# Select A Case

**This person is a party in 5 cases.**

3:11-cv-01566-JCS   Hard Drive Productions, Inc. v. Does 1-188   filed 03/31/11

3:11-cv-01956-EDL   Hard Drive Productions, Inc. v. Does 1-42   filed 04/22/11

3:11-cv-01957-JCS   Hard Drive Productions, Inc. v. Does 1-48   filed 04/22/11

3:11-cv-01959-EMC   Hard Drive Productions, Inc. v. Does 1-46   filed 04/22/11

4:11-cv-01567-LB   Hard Drive Productions, Inc. v. Does 1-118   filed 03/31/11

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| REDACTED | | | |
| PACER Login: | | | |
| Description: | Search | Search Criteria: | Last Name: hard drive productions |
| Billable Pages: | 1 | Cost: | 0.08 |

EXHIBIT E page 1

# U.S. District Court
## California Northern District (San Francisco)
### CIVIL DOCKET FOR CASE #: 3:11-cv-01566-JCS

Hard Drive Productions, Inc. v. Does 1-188
Assigned to: Magistrate Judge Joseph C. Spero
Cause: 17:101 Copyright Infringement

Date Filed: 03/31/2011
Jury Demand: Plaintiff
Nature of Suit: 820 Copyright
Jurisdiction: Federal Question

**Plaintiff**

**Hard Drive Productions, Inc.**

represented by **Brett Langdon Gibbs**
Steele Hansmeier, PLLC.
38 Miller Avenue, #263
Mill Valley, CA 94612-3501
415-325-5900
Email: blgibbs@wefightpiracy.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Does 1-188**

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 03/31/2011 | 1 | COMPLAINT; No Process Issued; Demand for Jury Trial against Does 1-188 (Filing fee $ 350.00, receipt number 44611006725). Filed by Hard Drive Productions, Inc.. (gba, COURT STAFF) (Filed on 3/31/2011) (Additional attachment(s) added on 4/1/2011: # 1 Civil Cover Sheet) (gba, COURT STAFF). (Entered: 03/31/2011) |
| 03/31/2011 | 2 | Disclosure Statement and Certification of Interested Entities or Persons by Hard Drive Productions, Inc. (gba, COURT STAFF) (Filed on 3/31/2011) (gba, COURT STAFF). (Entered: 03/31/2011) |
| 03/31/2011 | 3 | ADR SCHEDULING ORDER: Case Management Statement due by 7/8/2011. Case Management Conference set for 7/15/2011 01:30 PM in Courtroom A, 15th Floor, San Francisco. (gba, COURT STAFF) (Filed on 3/31/2011) (gba, COURT STAFF). (Entered: 03/31/2011) |
| 03/31/2011 | | CASE DESIGNATED for Electronic Filing. (gba, COURT STAFF) (Filed on 3/31/2011) (Entered: 03/31/2011) |
| 03/31/2011 | 4 | REPORT on the filing or determination of an action regarding Copyright Infringement (cc: form mailed to register). (gba, COURT STAFF) (Filed on 3/31/2011) (Entered: 03/31/2011) |

EXHIBIT E page 2