IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HARD DRIVE PRODUCTIONS, INC. | ) | CASE NO. 10-cv-05606 |
| | ) | |
| Plaintiff, | ) | Judge: Hon. Rebecca R. Pallmeyer |
| | ) | |
| v. | ) | **PLAINTIFF'S CONSOLIDATED** |
| | ) | **MEMORANDUM OF LAW IN** |
| DOES 1–1000 | ) | **OPPOSITION TO MOVANTS'** |
| | ) | **MOTIONS TO DISMISS, SEVER** |
| Defendants | ) | **AND/OR QUASH** |

Several anonymous individuals (each a "Movant" and collectively "Movants") who claim to be associated with certain Internet Protocol addresses[1] identified in the First Amended Complaint of Plaintiff Hard Drive Productions, Inc. ("HDP"), filed motions to dismiss HDP's complaint, or in the alternative to sever for improper joinder, or in the alternative to quash HDP's nonparty subpoena.[2] Because the various motions present substantially similar—often identical—arguments and all suffer from the same defects, Plaintiff addresses Movants' motions in a consolidated response.

---

[1] The IP addresses and motions associated with the various motions to quash, dismiss and/or sever are: 76.22.100.128 (Mot. to Dismiss, Sever and/or Quash 1, Apr. 15, 2011, ECF No. 70 [hereinafter Movant 70 Mot.]); 24.34.244.206 (Mot. to Dismiss, Sever and/or Quash 1, Apr. 19, 2011, ECF No. 77 [hereinafter Movant 77 Mot.]); 67.186.237.211 (Mot. to Dismiss or Quash 1, Apr. 21, 2011, ECF No. 90 [hereinafter Movant 90 Mot.]); 76.120.57.40 (Mot. to Dismiss, Sever and/or Quash 1, Apr. 21, 2011, ECF No. 96 [hereinafter Movant 96 Mot.]); 70.171.121.43 (Mot. to Dismiss, Sever and/or Quash 1, May 3, 2011, ECF No. 153 [hereinafter Movant 153 Mot.]); 72.208.52.194 (Mot. to Dismiss, Sever and/or Quash 1, May 3, 2011, ECF No. 156 [hereinafter Movant 156 Mot.]); and 68.102.65.161 (Mot. to Quash and Sever 1, May 5, 2011, ECF No. 163 [hereinafter Movant 163 Mot.]).

[2] Movant 70 Mot.; Movant 77 Mot.; Movant 90 Mot.; Movant 96 Mot.; Movant 153 Mot.; Movant 156 Mot.; Movant 163 Mot.

1

**ARGUMENT**

This brief consists of five parts: Part I identifies a fundamental procedural flaw with the motions to dismiss. Part II argues that arguments regarding personal jurisdiction are premature at this stage of the litigation. Part III addresses the joinder arguments. Part IV argues that the motions to quash must fail due to lack of standing, failure to state proper grounds, and the nonexistence of any personal right or privilege. Finally, Part V demonstrates that the requests for costs and fees are frivolous.

I. **NONPARTIES CANNOT BE PREEMPTIVELY DISMISSED FROM AN ACTION**

As nonparties, Movants cannot be preemptively dismissed from this action. At this time, Movants are merely third parties who are on notice of their potential status as party defendants. The plain language of multiple provisions of the Federal Rules of Civil Procedure demonstrates that a person is only a party to a case when that person is at the very least identified and specified by name in the case. For example, Rule 4 states that a summons must "*name* the court and the parties" and "be directed to the defendant." Fed. R. Civ. P. 4(a)(1)(A) and (B) (emphasis added). Rule 17 states that an "action must be prosecuted in the name of the real party in interest," and Rule 5 contemplates service of papers on "every party" wherein the general provisions for service contemplate that the party's identity must be known. *Id.* 5(b)(2) & 17(a)(1).

Courts agree that unserved defendants are not yet "parties" to an action. *Sampson v. Village Discount Outlet, Inc.*, No. 93-3296, 1994 WL 709278, at *2 (7th Cir. Dec. 16, 1994); *accord Arista Records, LLC v. Doe 3*, 604 F.3d 110, 115 (2d Cir. 2010) (affirming the district court order adopting the magistrate judge's recommendation to deny the motion to dismiss because the "defendants, not having been served with process, were not yet parties") (internal quotation marks omitted); *Flex Homes, Inc. v. Ritz-Craft Corp of Michigan, Inc.*, No. 07cv1005,

2008 WL 746669, at *1 n.2 (N.D. Ohio Mar. 18, 2008) (unserved defendant is "not a party to th[e] motion to dismiss"); *c.f. F.T.C. v. Compagnie De Saint-Gobain-Pont-a-Mousson*, 636 F.2d 1300, 1310–11 (D.C. Cir. 1980) (describing the entity about whom the information was sought by subpoena as neither "an accused in a criminal action nor . . . a defendant in a civil action" but as "merely a third-party witness on notice of its potential status as a party defendant"). As a result, unserved defendants may not properly move to dismiss. *Chandler v. McKee Foods Corp.*, No. 5:08CV00062, 2009 WL 210858, at *2 (W.D. Va. Jan. 28, 2009) (taking unserved defendant's motion under advisement until he has been served).

## II. MOVANTS' MOTIONS ARE PREMATURE BECAUSE PERSONAL JURISDICTION CANNOT BE PROPERLY ARGUED AT THIS STAGE OF THE LITIGATION

The Court should deny Movants' motions because personal jurisdiction arguments are premature at this stage of the litigation for several independent reasons. First, a minimum contacts analysis does not apply to nonparties. Second, the Court should not entertain arguments on personal jurisdiction from individuals over whom it has not exercised that power. Third, there is no requirement for plaintiffs to establish personal jurisdiction in the complaint. Fourth, without discovery of identifying information, an assessment of personal jurisdiction at this point in litigation is nothing but speculation. Finally, even if this Court concludes that discussion of personal jurisdiction is not premature, it should still deny Movants' motions as HDP has made a *prima facie* showing of personal jurisdiction and Movants have not met their burden of presenting a compelling case that litigation in this forum would be unfair.

### A. Minimum Contacts Analysis Does Not Apply to Nonparties

Although certain Movants pluck memorable quotes from *International Shoe Co. v. Washington*, 326 U.S. 310 (1945), and *uBid, Inc. v. GoDaddy Group, Inc.*, 623 F.3d 421 (7th Cir.

2010), they do not explain how cases that involve named and served defendants are applicable in the context of a third party subpoena.[3] In fact, in the nearly seventy years since *International Shoe*, the Supreme Court has never applied the minimum contacts analysis to a nonparty. Ryan W. Scott, Note, *Minimum Contacts, No Dog: Evaluating Personal Jurisdiction for Nonparty Discovery*, 88 Minn. L. Rev. 968, 975 (2004). Since Movants are yet to be named and served, they are not yet parties to this case, and a minimum contacts analysis is inapplicable to them.

### B. Discussion of Personal Jurisdiction Is Premature Because the Court's Power Has Not Been Directed Toward Movants

Movants do not explain how a subpoena directed to a third party is an exercise of the Court's power over them. HDP has not named or served Movants or moved this Court to take any other action over them. At most, the issuance of a subpoena is an exercise of the Court's jurisdiction over the entity to which the subpoena is issued, but not over the person about whom the information is sought. In the context of this case, personal jurisdiction is based on conduct that subjects the nonresident to the power of a court to adjudicate its rights and obligations in a legal dispute. *See International Shoe*, 326 U.S. at 317. The subpoena power of a court over a nonparty to a lawsuit is based on the power and authority of the court to compel the production of documents by a person or entity. To date, the Court has only exercised its subpoena power to compel production of records from ISPs. HDP has not invoked, and the Court has not exercised, personal jurisdiction over any defendants (or anonymous individuals, such as Movants). If the Court is exercising any jurisdiction here it is over the ISPs, not Movants. The Court should not consider arguments on personal jurisdiction until it actually exercises its power.

---

[3] *See* Movant 70 Mot. at 2; Movant 77 Mot. at 2; Movant 96 Mot. at 2; Movant 153 Mot. at 2; Movant 156 Mot. at 2; Movant 163 Mot. at 2.

C.  **Personal Jurisdiction Need Not be Pled in the Complaint**

Movants are under the mistaken belief that the Plaintiff must plead personal jurisdiction in its complaint. It is well-established in all federal courts that personal jurisdiction does not have to be pled. *Blackmore v. Lacosse*, No. 85 C 6325, 1985 WL 5052, at *2 (N.D. Ill. Dec. 17, 1985) ("Although some states, including Illinois, require plaintiffs to allege in their complaints facts sufficient to support personal jurisdiction over the defendants . . . such allegations are unnecessary in the federal courts."). Federal Rule of Civil Procedure 8 sets forth the general rules of pleading, requiring a "short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. (8)(a)(1). Courts across jurisdictions interpret this rule to refer to subject-matter jurisdiction and not personal jurisdiction. *See, e.g.*, 5 Wright & Miller, Fed. Prac. & Proc. Civ. § 1206 (3d ed.) (collecting cases).

Despite certain Movants' beliefs that the Seventh Circuit established a new pleading standard in *uBid, Inc. v. GoDaddy Group, Inc.*, 623 F.3d 421, 430 (7th Cir. 2010), it did not.[4] The word "plead" or "pleading" does not appear anywhere in the *uBid* opinion. In fact, the strict holding of the *uBid* case is that the Seventh Circuit reversed the district court's dismissal of a suit for lack of personal jurisdiction on a 12(b)(2) motion and remanded the case for further proceedings consistent with the finding of specific personal jurisdiction. Far from breaking new ground, the *uBid* case simply affirms what has been well known since *International Shoe*: a defendant's contacts with a forum state may support a finding of specific jurisdiction. Unlike in the present case, the defendant in *uBid* was named and served, and personal jurisdiction was properly raised in a Rule 12(b)(2) motion. The *uBid* court had a far more developed record and

---

[4] Movant 163 Mot. at 2 (claiming, improperly, that the outcome of *uBid* established that a "plaintiff must plead specific facts showing contact with the plaintiff's chosen forum in order to establish jurisdiction").

5

was able to thoroughly analyze defendant's contacts with the forum state and the relationship of defendant's contacts to the plaintiff's claim. The present Movants have not been made parties to this case. No record yet exists for this Court to analyze Movants' contacts with this forum or how they relate to HDP's claim; their various affidavits are insufficient for this purpose.

> **D. Initial Discovery Should Proceed Because a Further Basis for Jurisdiction Cannot be Determined with Certainty without Discovery**

It is within this Court's discretion to allow discovery to determine the basis for personal jurisdiction. *Black & Decker, Inc. v. Shanghai Xing Te Hao Industrial Co., Ltd.*, No. 02-C-4615, 2003 WL 21383325, at *4 (N.D. Ill., June 12, 2003) (giving plaintiff "a chance to probe further" by taking jurisdictional discovery) (citing *Renner v. Lanard Toys Ltd.*, 33 F.3d 277, 283 (3rd Cir. 1994) (reversing district court after concluding that plaintiff was "entitled to conduct discovery into the jurisdictional facts")).

Although Movants argue that they do not reside in, or work in, or have normal business or personal contacts with the State of Illinois,[5] the Court may still have specific personal jurisdiction over Movants under the Illinois long-arm statute which brings persons within the Court's jurisdiction if they committed a tortious act within the State of Illinois. 735 Ill. Comp. Stat. 5/2-209(a)(2). Movants may have specifically directed infringing activities to this district by downloading or uploading HDP's copyrighted work from or to another person located in this district. Because HDP has not yet received all of the basic identifying information on all of the Doe Defendants, it is difficult to assess properly the existence of personal jurisdiction over any Doe Defendant. Therefore, the Court should allow HDP to continue its discovery before engaging in personal jurisdiction analysis.

---

[5] Movant 70 Mot. at 3, Ex. B; Movant 77 Mot. at 3, Ex. B; Movant 90 Mot. at 2, Ex. A; Movant 96 Mot. at 3, Ex. B; Movant 153 Mot. at 3, Ex. B; Movant 156 Mot. at 3, Ex. B; Movant 163 Mot. at 3, Ex. B.

6

The assessment of personal jurisdiction requires an evaluation of the contacts between the various defendants and the forum state. *See uBID, Inc.*, 623 F.3d at 425. In numerous cases across various jurisdictions, parties like Movants have raised the same personal jurisdiction arguments Movants raise in their motions. In each case, courts rejected the argument as premature—even where doe defendants assert that they live outside the court's jurisdiction and have minimal or no contacts with that jurisdiction—because courts cannot catalog a defendant's contacts with the relevant jurisdiction and render any kind of ruling on personal jurisdiction before the defendant has actually been named. *See, e.g.*, *Sony Music Entertainment v. Does 1–40*, 326 F. Supp. 2d 556, 567 (S.D.N.Y. 2004) ("[W]ithout identifying information sought by plaintiffs in the [ISP] subpoena it would be difficult to assess properly the existence of personal jurisdiction."); *Virgin Records America, Inc. v. Does 1–35*, No. Civ. A. 05-1918(CKK), 2006 WL 1028956, at *3 (D.D.C. Apr., 18, 2006) (collecting cases). This Court should do the same.

E.  **Plaintiff Has Made a *Prima Facie* Showing of Personal Jurisdiction**

Even if the Court concludes that a discussion of personal jurisdiction is not premature, it should still deny Movants' motions because HDP has made a *prima facie* showing of personal jurisdiction. In general, a plaintiff is obligated to make a *prima facie* showing only after a proper challenge in a Rule 12(b)(2) motion or when a personal jurisdiction defense is asserted in the answer. *See, e.g.*, *Labtest Intern., Inc. v. Centre Testing Intern. Corp.*, No. 10-CV-02897, 2011 WL 382879, at *3 (N.D. Ill. Feb. 1, 2011). This is not the case here, as Movants have not yet been named or served with process and cannot properly bring a Rule 12(b)(2) motion. Nevertheless, HDP alleged sufficient facts in its complaint to make a *prima facie* personal jurisdiction showing.

A federal court deciding a case on similar facts found that plaintiffs had made a *prima facie* showing of personal jurisdiction over an anonymous downloader of copyrighted music. *Virgin Records*, 2006 WL 1028956, at *4. Plaintiffs alleged that the defendant, without the permission or consent of plaintiffs, offered to the public—including persons within the court's jurisdiction—plaintiffs' copyrighted sound recordings; in exchange, defendant was able to download recordings made available by others, including persons within the Court's jurisdiction. *Id.* The court in *Virgin Records* found these allegations sufficient for a *prima facie* showing. These allegations are virtually identical to the allegations in HDP's complaint. (*See* First Amend. Compl. ¶¶ 7, 10–12, 17, 19, 24). The defendants offered to the public—including persons in Illinois—via BitTorrent software HDP's copyrighted works; in exchange, defendants were able to download files made available by others, including persons in Illinois. This infringing activity is enough to establish specific personal jurisdiction under the Illinois long-arm statute.

The Supreme Court has stated that once minimum contacts have been established, the burden shifts to the defendant, who must present a "compelling case" that conducting the litigation in this court would be unfair and unreasonable, *Burger King v. Rudzewicz*, 471 U.S. 462, 477 (1985), and that "often the interests of the plaintiff and the forum will justify even the serious burdens placed on the alien defendant." *Asahi Metal Indus. Co. v. Super. Ct. of Cal.*, 480 U.S. 102, 114–15 (1987). Movants do not make a "compelling case." Their motions focus entirely on HDP's alleged failure to plead properly, and do not elaborate on what burden, if any, a given Movant will experience when litigating in this forum. And in focusing solely on pleading deficiencies and implying the encumbrance of having to defend themselves in the forum, Movants have not met their burden of showing that the assertion of jurisdiction would be unfair.

In conclusion, although Movants intimate, without actually arguing, that they should be put in the same position as named and served defendants, the Court should not indulge them in this legal fiction. Movants are merely anonymous persons on notice about their potential status as party defendants.

## III. CONSIDERATION OF JOINDER IS ALSO PREMATURE, AND JOINDER IS APPROPRIATE AT THIS STAGE OF LITIGATION

Like considerations of personal jurisdiction, a discussion of joinder is also premature at this stage in the litigation, where Movants are anonymous and have yet to be named and served as parties. Further, HDP's allegations regarding the use of the BitTorrent file-sharing protocol make joinder proper at this stage of litigation.

Other courts addressing the question of joinder in the context of copyright infringement cases against anonymous defendants have found the question to be premature at the outset of a case. *Arista Records LLC v. Does 1–19*, 551 F. Supp. 2d 1, 11 (D.D.C. 2008) ("[Joinder] inquiry is premature without first knowing Defendants' identities and the actual facts and circumstances associated with Defendants' conduct."); *Sony Music*, 326 F. Supp. 2d at 568 (denying motion to quash because "consideration of joinder is premature"); *Arista Records LLC v. Does 1–16*, Civ. No. 1:08-CV-765 (GTS/RFT), 2009 WL 414060, at *8 (N.D.N.Y. Feb. 18, 2009) ("[A]t this stage of the litigation, the Court finds that a request to sever the Doe Defendants as premature.").

Certain Movants argue that joinder has been rejected in certain cases involving copyright infringement committed over the Internet.[6] Movants point specifically to two orders severing Doe defendants: Order, *Millenium TGA, Inc. v. Does 1–800*, No. 1:10-CV-05603 (N.D. Ill. Mar. 31, 2011), ECF No. 55; Order, *Lightspeed v. Does 1–1000*, No. 1:10-CV-05604 (N.D. Ill. Mar.

---

[6] Movant 70 Mot. at 4; Movant 77 Mot. at 4; Movant 96 Mot. at 4–5; Movant 153 Mot. at 4; Movant 156 Mot. at 4; Movant 163 Mot. at 4.

31, 2011), ECF No. 53. Movants do not explain, however, how the cases cited in the foregoing orders relate to this case. Indeed, Movants fail to address the substantial differences between the peer-to-peer protocols and pleadings at issue in the cited cases and the same here. No briefing was requested on these issues in the previous cases. By way of example, in the cited cases plaintiffs merely alleged that defendants had committed "the same type of violation in the same way," over the same ISPs and the same peer-to-peer networks. *E.g.*, *LaFace Records, LLC v. Does 1–38*, No. 5:07-CV-298-BR, 2008 WL 544992 at *2 (E.D.N.C. Feb. 27, 2008). The *LaFace Records* case and all other cases cited by the Movants are readily distinguishable from this one—unlike HDP, plaintiffs in those cases indeed alleged only tenuous connections between defendants.

Here, joinder is proper because HDP has alleged much greater ties among the defendants. (First Amend. Compl., ¶¶ 10–12, 17, 23.) Because of the distributed nature of the BitTorrent protocol, sharing files via this network involves far more than merely committing the exact "same type of violation in the same way" or using the same ISP. In a recent BitTorrent copyright infringement decision based on similar facts, plaintiffs' allegations that the BitTorrent protocol "makes every downloader also an uploader" and makes every peer that has completed a download automatically a source for the subsequent peer were sufficient to support a "logical relation" between vast numbers of Doe defendants in three separate cases. *Call of the Wild Movie, LLC v. Does 1–1,062*, No. 1:10-CV-00455-BAH, 2011 WL 996786 at *5 (D.D.C. Mar. 22, 2011) (upholding joinder in three separate cases of 1,062, 4,350, and 171 putative Doe defendants, respectively, at this stage of litigation prior to any defendants having been named and served). HDP has alleged nearly identical facts. (First Amend. Compl., ¶¶ 10–17.) Similarly, because HDP will have to establish the same legal claims concerning the validity of its

copyrights and address the same factual issues related to the BitTorrent protocol and its investigation methods for all putative defendants, sufficient common questions of law and fact exist. *See Call of the Wild Movie, LLC*, 2011 WL 996786 at *5.

The Court should deny Movants' motions until the circumstances surrounding their conduct and interaction with the other Does are known. Each Movant and putative defendant will have a chance to rebut the allegations supporting joinder or present different factual or legal claims at a future date, if and when they are named and served as parties. A response to motions to dismiss and quash is not the place for a full discussion on joinder; HDP stands ready to provide supplemental briefing on joinder issue if the Court so desires.

## IV. MOVANTS' MOTIONS TO QUASH THE NONPARTY ISP SUBPOENAS MUST FAIL BECAUSE MOVANTS LACK STANDING, FAILED TO ASSERT PROPER GROUNDS, AND HAVE NO PERSONAL RIGHT OR PRIVILEGE IN THE INFORMATION SOUGHT

Movants argue in the alternative that, if their motions for dismissal are rejected, the Court should quash the subpoenas issued to their ISPs. The Court should reject these motions because the Movants have not asserted any right or personal privilege in the information sought from the third-party ISPs, and thus lack standing to bring such motions. Even if the Court finds that the Movants do not lack standing, their motions must fail due to their failure to assert proper grounds for quashing the respective subpoenas and because no personal right or privilege exists as to the basic identifying information Plaintiff has requested.

### A. Movants Lack Standing Because They Fail to Assert a Personal Right or Privilege

As a threshold matter, Movants lack standing to move this Court to quash any ISP subpoenas. To gain standing to challenge a third party subpoena, an objector must assert some personal right or privilege with regard to the documents sought. *Orange v. Burge*, No. 04 C 168,

2006 WL 2567786, at *2 (N.D. Ill. Aug. 15, 2006) (no standing where objector failed to assert some personal interest beyond that of a regular citizen); *Kessel v. Cook Cnty.*, No. 00-C-3980, 2002 WL 398506, at *2 (N.D. Ill. Mar. 14, 2002) (declining to find standing to seek quashing of the subpoena where the objections properly lay with the subpoenaed party, and not with the objectors); *see also Gripper v. City of Springfield*, No. 04-3215, 2006 WL 1314152, at *2 (C.D. Ill. May 12, 2006) (denying motion to quash because defendant failed to assert some right or privilege with regard to the requested documents from a third party and thus, lacked standing). Movants make no such assertions of personal right or privilege.[7] Instead, Movants argue that the Court lacks personal jurisdiction (*See id.*), which is neither a personal right nor a privilege. Movants therefore lack standing and this Court should deny their motions to quash.

      **B.**      **Movants Failed to Assert Proper Grounds for Quashing the Subpoena Under the Rules of Civil Procedure**

Even if Movants do not lack standing, personal jurisdiction is not one of the grounds upon which a party may challenge a subpoena. Movants bear the burden of persuasion with respect to their motions, and under the Rules stating proper grounds for making the motion is part of meeting that burden. *See CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 993 (7th Cir. 2002); *Hodgdon v. Nw. Univ.*, 245 F.R.D 337, 341 (N.D. Ill. 2007). Hence, courts will deny motions for failing to state the grounds upon which the court should quash the subpoena. *See, e.g., Carrizales v. Bd. of Educ. of the Rockford Sch. Dist., No. 205*, 2004 WL 2385028, at *2 (N.D. Ill. Oct. 22, 2004) (denying "vague" motion to quash because it did not state proper grounds with the specificity required by the Federal Rules); *see also* 9A Wright & Miller, Fed. Prac. & Proc.

---

[7] *See* Movant 70 Mot. at 5; Movant 77 Mot. at 5; Movant 90 Mot. at 3; Movant 96 Mot. at 5–6; Movant 153 Mot. at 5; Movant 156 Mot. at 5; Movant 163 Mot. at 1, 3.

§ 2459 (collecting cases). Conclusory statements of hardship are not sufficient to carry this burden. *Johnson v. Jung*, 242 F.R.D. 481, 483 (N.D. Ill. 2007).

The exhaustive list of situations in which a court may quash or modify a subpoena is set forth in Fed. R. Civ. P. 45(c)(3). Movants' only allowable basis for quashing a subpoena is if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies." *Id.* 45(c)(3)(A)(iii). No other 45(c)(3) grounds apply here: the ISP subpoenas do not require travel, do not involve trade secrets or disclosure of an unretained expert's opinion, and undue burden or time for compliance objections properly lie with the ISPs, not Movants. *See Kessel*, 2002 WL 398506, at *2 (noting that objections based on burden lie with the subpoenaed party).

The Court should deny Movants' motions to quash because they did not meet their burden of persuasion when they omitted the grounds upon which they are moving to quash the subpoena. Nowhere in Movants' motions do they declare under which section of Rule 45 they are making their motions, nor do they claim that the ISP subpoenas involve some privileged or protected matter. The closest Movants come is to declare that the release of identifying information would be "improper," but no Movant explains why.[8] Even if liberally construed, this conclusory statement alone is not enough to carry any given Movant's burden.

### C. Movants Have No Personal Right or Privilege in the Basic Identifying Information Plaintiffs Seek

Even if the Court is generous enough to grant that Movants have asserted a personal right or privilege by implication, no such personal right or privilege exists. Courts have held that Internet subscribers do not have an expectation of privacy in their subscriber information, as they have already conveyed such information to their Internet Service Providers. *See, e.g.*, *Guest v. Leis*, 255 F.3d 325, 335–36 (6th Cir. 2001); *United States v. Hambrick*, Civ. No. 99-4793, 2000

---

[8] Movant 70 Mot. at 5; Movant 77 Mot. at 5; Movant 90 Mot. at 3; Movant 96 Mot. at 5–6; Movant 153 Mot. at 5; Movant 156 Mot. at 5; Movant 163 Mot. at 3.

WL 1062039, at *4 (4th Cir. Aug. 3, 2000); *United States v. Kennedy*, 81 F. Supp. 2d 1103, 1110 (D. Kan. 2000). As one court reasoned, "if an individual subscriber opens his computer to permit others, through peer-to-peer file-sharing, to download materials from that computer, it is hard to understand just what privacy expectation he or she has after essentially opening the computer to the world." *In re Verizon Internet Services, Inc.*, 257 F. Supp. 2d 244, 267 (D.D.C. 2003), *rev'd on other grounds*, 351 F.3d 1229 (D.C. Cir. 2003). In conclusion, to the extent anonymity is used to mask copyright infringement, it is unprotected by the First Amendment. Accordingly, the Court should deny Movants' motions.

## V. THE COURT SHOULD DENY MOVANTS COSTS AND FEES BECAUSE THEY ARE NOT PARTIES AND HAVE NOT PREVAILED

Certain Movants seek an award of attorney's fees and costs pursuant to 17 U.S.C. § 505 if they win their motions. The standard for awarding attorney fees and costs in copyright infringement cases is well-established. Section 505 states: "In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party . . . . [T]he court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505 (1994). The plain language of the statute directs that prevailing plaintiffs and defendants are to be treated alike, "but attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994).

The Seventh Circuit has pointed out that the "Supreme Court has adopted a generous formulation of the term prevailing party; parties are said to have prevailed in litigation for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *King v. Illinois State Bd. of Elections*, 410 F.3d 404, 411 (7th Cir. 2005) (footnotes and quotation marks omitted) (quoting in part *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The Seventh Circuit has indicated that "[a]t a

14

minimum, to be considered a prevailing party . . . [a party] must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant." *Id.*

Movants cannot meet even this generous standard—they have not been named and served, and thus, are not parties. Movants appear only because they received letters from their ISPs, and are merely on notice of their potential status as party defendants. Movants failed to cite and HDP's counsel has not found any authority for awarding prevailing party fees and costs before a defendant is even named to a lawsuit or served with process. On the contrary, as discussed above, neither the Federal Rules of Civil Procedure nor the Seventh Circuit consider unserved defendants "parties." *Sampson*, 1994 WL 709278, at *2. Moreover, even if the court grants these motions the Movants will not be able to point to any appreciable change in the legal relationship between themselves and HDP.

Because Movants have not even discussed the standard for awarding the fees under 17 U.S.C. § 505, much less argued why the Court should exercise its discretion in their favor, because they are not parties to this case and because they cannot explain how the outcome of their motions would change the legal relationship between Movants and HDP, the Court should deny Movants' requests for fees and costs.

Respectfully submitted,

HARD DRIVE PRODUCTIONS, INC.

**DATED:** May 27, 2011

By: /s/ John Steele
John Steele (Bar No. 6292158)
Steele Hansmeier PLLC
161 N. Clark St.
Suite 4700
Chicago, IL 60601
312-880-9160;  Fax 312-893-5677
jlsteele@wefightpiracy.com
*Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

       The undersigned hereby certifies that on May 27, 2011, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system, in compliance with Local Rule 5.2(a).

Michael Doucette
24 Birches Road
Hubbardston, MA 01452

Witold Wituchowski
15047 – SE43rd Place
Bellevue, WA 98006-2413

Demetrius L Siller
14555 Philippine St.
Apt. 311
Houston, TX 77040

Robert D. Cloxton
15370 Bellamar Cie. #3424
Fort Meyers, FL 33908

Sandra VanCompernolle
957 Old Buddington Rd.
Groton CT 06340

                                                     /s/ John Steele